IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CASEY ATES,                                  :
                                             :
        Petitioner                   :
                                             :
v.                                           :
                                             :   NO. 5:12-CV-471-MTT-MSH
BIBB COUNTY SUPERIOR COURT                   :
                                             :
_____

## RECOMMENDATION

Petitioner CASEY ATES, has filed a Petition for Mandamus in this Court.[1]  The Eleventh Circuit has held that

> [t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations.  The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable.  A writ of mandamus is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available.

*United States v. Uribe*, 2012 WL 3289969,  at *1 (11th Cir. 2012) (citations and quotations omitted).

Because the Petitioner is filing his Motion in the federal district court, his use of mandamus is limited. Title 28 of the United States Code, § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel

---

[1] Petitioner has failed to file the $350 filing fee or a motion to proceed *in forma* pauperis.  The Court applies section 1915(e)(2)(b)(ii) instead of section 1915A because it appears that Plaintiff filed this action during a time that he was not in jail.  For purposes of dismissal only, Petitioner will be granted *IFP* status.

1

an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb Cnty. Super. Ct*, 474 F.2d 1275, 1276 (5th Cir.1973).[2]

Here, Petitioner's sole request for relief is that this Court order the Bibb County Superior Court to "grant a fair hearing of claim filed by certified mail on July 16, 2012, fairly by law of Georgia Tort Claim Act." (Pet'r's Pet. for Mandamus, 2; ECR No. 1.) The Petitioner's claim, however, fails to state a legitimate basis for mandamus relief under 28 U.S.C. § 1361. The allegations in Plaintiff's request fail to allege any duty owed to him which would require the Court to compel intervention on his behalf. Petitioner merely states that he needs this Court to grant his motion because he is being deprived of his right of access to the courts. Petitioner's request fails to establish any duty owed to him by any federal agency or employee. As such, Petitioner's Petition for Mandamus must fail.

ACCORDINGLY, it is hereby recommended that Petitioner's Petition for Mandamus be DENIED and this case dismissed. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

SO RECOMMENDED, this the 5th day of December, 2012.

                                                S/ STEPHEN HYLES
                                                UNITED STATES MAGISTRATE JUDGE